**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MICHAEL PAUL PUZEY,**
**Petitioner,**

**v.** **Civil Action No.: 3:17-CV-129**
**Criminal Action No.: 3:00-CR-64**
**(GROH)**

**UNITED STATES OF AMERICA,**
**Respondent.**

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

On October 23, 2017, Michael Paul Puzey ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Civil Action No. 3:17-CV-129, ECF No. 1; Criminal Action No. 3:00-CR-64, ECF No. 101.[1] On December 22, 2017, Petitioner filed a motion for expedited disposition of his Motion Under 28 U.S.C. § 2255 to Vacate. ECF No. 108.

This Court now issues this Report and Recommendation on the Petitioner's motion to vacate without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss with prejudice the Petitioner's motion.

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action 3:00-CR-64, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence

On December 5, 2000, Petitioner was indicted in case number 3:00-CR-57, along with 25 co-defendants, and charged with various offenses related to the distribution of controlled substances. 3:00-CR-57, ECF No. 1. On December 7, 2000, Petitioner was indicted in case number 3:00-CR-64 along with one co-defendant, and charged with aiding and abetting one another to use and carry firearms in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). ECF No. 1.

Petitioner's jury trial on both indictments commenced on April 23, 2001. On April 26, 2001, Petitioner was found guilty of Counts 1, 38, 44, 54, 55 and 63 of 3:00-CR-57 and Count 1 of 3:00-CR-64. 3:00-CR-57, ECF No. 571.

On October 29, 2001, Petitioner was sentenced in regard to 3:00-CR-57, to: life imprisonment for his conviction for Count 1; 240 months for his conviction for Count 38, to run concurrently to Count 1; 240 months for his conviction for Count 44, to run concurrently to Count 1; 240 months for his conviction for Count 54, to run concurrently to Count 1; and 480 months for his conviction for Count 55, to run concurrently to Count 1. 3:00-CR-57, ECF No. 848 at 2. Petitioner was further sentenced for his conviction for Count 1 of 3:00-CR-64, to five years imprisonment to run consecutively to Count 1 in 3:00-CR-57-16. Id.

### B. Appeal

The Petitioner appealed his convictions by filing a notice of intent to appeal on October 22, 2001, in the United States Court of Appeals for the Fourth Circuit, in that court's docket number 01-4875. ECF No. 9; 3:00-CR-57, ECF No. 843. By

unpublished per curiam opinion issued on August 11, 2003, the Fourth Circuit affirmed Petitioner's conviction and sentence. ECF No. 15. The Supreme Court denied his petition for certiorari on December 15, 2003. ECF No. 17.

**C. Post Conviction Proceedings[2] in 3:00-CR-57**

On July 26, 2004, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. 3:00-CR-57, ECF No. 1047.[3] Therein, he alleged that: (1) there was an Apprendi error related to the drug quantity attributed to him; (2) his sentence was improperly imposed because of Guidelines § 5G1.2(d) "stacking"; (3) the District Court imposed a life sentence, in excess of the maximum provided by law; and (4) his sentence violated his Sixth Amendment rights; and (5) he received ineffective assistance of counsel. Id. On July 1, 2005,[4] a Report and Recommendation was entered which recommended that the Petitioner's § 2255 Motion be denied. 3:00-CR-57, ECF No. 1096. On October 24, 2005, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate. 3:00-CR-57, ECF No. 1127. Petitioner filed a notice of appeal on November 9, 2005, in a case which was docketed with the Fourth Circuit as 05-7817. 3:00-CR-57, ECF Nos. 1132, 1143. By unpublished per curiam opinion issued May 4, 2006, the Fourth Circuit dismissed the appeal because Puzey neither obtained a certificate of appealability nor made the requisite showing to merit such a certificate. 3:00-CR-57, ECF No. 1166.

---

[2] Several of Petitioner's post-conviction attempts to obtain relief, including his first motion to vacate, filed in 3:00-CR-57-16, contested Petitioner's conviction and sentence in 3:00-CR-64. Accordingly, the appropriate citations to either 3:00-CR-57-16 or 3:00-CR-64 are included herein.

[3] This motion was also docketed in 3:04-CV-63, ECF No. 1.

[4] The Report and Recommendation is dated July 1, 2005, but was docketed by the Clerk's office on July 4, 2005.

Petitioner filed a motion to reduce sentence on March 28, 2008. ECF No. 18. The District Court denied this motion on May 7, 2009. ECF No. 24; 3:00-CR-57, ECF No. 1371. On December 29, 2008, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Criminal Procedure 57(b) and Federal Rule of Civil Procedure 60(b). ECF No. 23. On July 2, 2009, a Report and Recommendation was entered which recommended that Petitioner's motion for relief from judgment [ECF No. 23] be denied. ECF No. 27. The District Court adopted the Report and Recommendation on August 26, 2009. ECF No. 31. On October 19, 2009, Petitioner filed a notice of appeal of the order adopting the Report and Recommendation, in a case docketed by the Fourth Circuit as 09-7936. ECF No. 33. The Fourth Circuit issued an unpublished per curiam opinion on August 31, 2010, which dismissed the appeal because Petitioner had neither obtained a certificate of appealability nor made the requisite showing to merit such a certificate. 3:00-CR-57, ECF No. 1513. On November 5, 2010, the Fourth Circuit denied his petition for rehearing. 3:00-CR-57, ECF No. 1518.

Petitioner filed another motion to vacate[5] on March 10, 2014. ECF No. 38; 3:00-CR-57, ECF No. 1593. Following issuance of a notice of deficient pleading, Petitioner refiled his motion to vacate on the court-approved form on March 24, 2014. 3:00-CR-57, ECF No. 1602. On March 28, 2014, a Report and Recommendation was entered, only in 3:00-CR-57, which recommended dismissal with prejudice as a second or successive petition filed without first obtaining authorization from the Fourth Circuit Court of Appeals. 3:00-CR-57, ECF No. 1607. On April 30, 2014, the District Court

[5] This motion was also docketed in 3:14-CV-29, ECF No. 1.

adopted the Report and Recommendation, denied the motion to vacate and dismissed it with prejudice. 3:00-CR-57, ECF No. 1619.

On May 20, 2014, a Report and Recommendation was filed in the instant case which recommended that the Petitioner's motion to correct a clerical error[6] [ECF No. 45] be granted and the Petitioner's § 2255 petition [ECF No. 38] be dismissed. ECF No. 47. On June 12, 2014, the District Court adopted the Report and Recommendation and dismissed the § 2255 motion filed in 3:00-CR-64. ECF No. 49.

On November 17, 2014, Petitioner's filed a motion to reduce sentence ECF No. 51. The District Court denied Petitioner's motion to reduce sentence on February 18, 2015. ECF No. 53. Following that ruling, Petitioner filed a notice of intent to appeal[7] with the Fourth Circuit on March 2, 2015, which was docketed as 15-6308. ECF Nos. 56 – 59. The Fourth Circuit dismissed the case by order entered March 20, 2015, upon the motion to voluntarily dismiss the case. ECF No. 63.

On August 10, 2016, the Fourth Circuit, in a case docketed as 16-3021, denied Petitioner authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255. ECF No. 76.

On October 28, 2016, Petitioner filed another motion for relief from judgment under Federal Rule of Civil Procedure 60(d)(3). ECF No. 77. The District Court denied Petitioner's motion for relief from judgment on November 18, 2016. ECF No. 79. On December 29, 2016, Petitioner filed a motion to alter or amend judgment pursuant to

---

[6] Petitioner asserts that it was "his intention was to file under [ ] case [number] 3:00-CR-57 and not case [number] 3:00-CR-64 . . . and that the clerk/law clerks should have known this from the body of the motion." ECF No. 45 at 1 (emphasis omitted and citation modified to standard format).

[7] The caption of the case has an initial case number which is struck through with Xs. Below that is inserted the instant case number, 3:00-CR-64. However, the body of the notice states that Petitioner was giving notice of appeal of the district court's order in 3:00-CR-57-16. ECF No. 56.

Federal Rules of Civil Procedure 59(e) and 52(b). ECF No. 81. On February 21, 2017, the District Court denied the motion to alter or amend. ECF No. 83. Petitioner filed a notice of appeal on March 10, 2017, in a case docketed by the Fourth Circuit as 17-6316. ECF Nos. 88, 93. On July 25, 2017, by unpublished per curiam decision, the Fourth Circuit affirmed the District Court's order denying Petitioner's motion to alter or amend. ECF No. 94.

### D. Instant Proceedings Pursuant to 28 U.S.C. § 2255

On October 23, 2017, Petitioner filed the current Motion to Vacate, pursuant to 28 U.S.C. § 2255. ECF No. 101. Petitioner filed eight attachments with his motion. Id. On December 22, 2017, Petitioner filed a motion for expedited disposition of his Motion Under 28 U.S.C. § 2255 to Vacate. ECF No. 108.

## III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers."

Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

**C. Motions made Pursuant to 28 U.S.C. § 2255.**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

authorized by law; or (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A one-year statute of limitations applies to cases brought pursuant to 28 U.S.C. § 2255. Pursuant to subparagraph (f) of the statute:

> The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convicting evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. Slack v. McDaniel, 529 U.S. 473, 489 (2000) ("a habeas petition filed after an initial petition was dismissed [ ] without an adjudication on the merits is not a 'second or successive' petition").

## IV. ANALYSIS

When considered under either of two alternative theories, Petitioner's motion to vacate filed under § 2255 is without merit. First, to the extent that Petitioner's motion to vacate filed in 3:00-CR-57, ECF No. 1047, contested his conviction and sentence in both that case and in the instant case, 3:00-CR-64, the instant petition would be considered as a second or successive motion to vacate.

It is clear that Petitioner has filed at least one prior habeas petition as a motion to vacate [3:00-CR-57, ECF No. 1047] which was dismissed on the merits by order entered on October 24, 2005 [3:00-CR-57, ECF No. 1127]. That dismissal was affirmed by the Fourth Circuit. 3:00-CR-57, ECF No. 1166. Although that motion to vacate did not specifically list the instant case number, 3:00-CR-64, the sentence challenged therein included the five year sentence imposed in this case which was ordered to be served consecutively to the life sentence imposed in 3:00-CR-57. Thus, if the motion to vacate filed in 3:00-CR-57, ECF No. 1127, is deemed to also be a motion to vacate the instant sentence, this Court finds that the current § 2255 motion is a second or successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion following the dismissal on the merits of his prior habeas corpus motion. In fact, on August 10, 2016, the Fourth Circuit denied Petitioner's

motion for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255 by order which referenced both criminal case numbers. ECF No. 76. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current federal habeas motion. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Alternatively, if the motion to vacate filed in 3:00-CR-57 is deemed not to challenge the sentence in the instant case, the instant motion to vacate should still be denied because the motion is untimely. Pursuant to 28 U.S.C. § 2255(f), a one-year statute of limitations applies for motions to vacate. That date begins to run from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when the impediment to making a motion is removed; (3) when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) when the exercise of due diligence could have led to the discovery of facts supporting the claim. Petitioner cannot demonstrate he is entitled to relief because his petition was filed more than one year from any of those dates.

First, Petitioner's judgment of conviction became final when the Supreme Court denied his petition for a writ of certiorari on December 15, 2003. ECF No. 17. Petitioner did not file the instant motion to vacate until more than thirteen years later, on October 23, 2017. ECF No. 101.

Second, no governmental action created an impediment to Petitioner filing his motion to vacate. Rather, Petitioner filed at least two motions for relief under § 2255 in his companion case, 3:00-CR-57, but arguably failed to file a motion to vacate in the

instant matter until October 23, 2017, more than sixteen years after his initial conviction on April 26, 2001, and more than thirteen years after the Supreme Court denied certiorari. During that intervening period, Petitioner at least twice pursued relief under § 2255 in his companion case. Any failure to pursue similar relief in the instant case was not caused by any governmental entity, but by Petitioner's own inaction.

Third, the Supreme Court has not recognized any new right which would apply to Petitioner and which would also be retroactive on collateral appeal. Petitioner does not cite to any cases which would allegedly confer such rights. Rather, he claims that the sentencing court lacked subject matter jurisdiction when it sentenced him, and that, accordingly, the one year statute of limitations imposed by subparagraph (f) is inapplicable. In the instant case, Petitioner was convicted of the knowing use, carrying and possession of three firearms in relation to a drug trafficking crime. ECF No. 11. That matter was properly before the District Court for the Northern District of West Virginia. Pursuant to 18 U.S.C. § 3231, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Petitioner is unable to demonstrate that the District Court which imposed his sentence was without jurisdiction to do so, and accordingly, in that regard his claim fails.

Fourth, Petitioner cannot demonstrate that he was prevented from the discovery of facts which support his claims herein. Petitioner has sought relief from the District and appellate courts immediately following his conviction and imposition of sentence in both this case and the companion case, 3:00-CR-57. The exercise of due diligence could have led to the discovery of facts supporting the claims raised herein. Petitioner

offers no reason that he was prevented by the exercise of due diligence to discover facts which would have supported his claim. Accordingly, his claim fails on that ground.

Because Petitioner cannot meet any of the four standards which would permit him to exceed the statute of limitations for the filing of his motion to vacate under § 2255, his Petition is untimely and should be denied.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:17-CV-129, ECF No. 1; Criminal Action No. 3:00-CR-64, ECF No. 101] be **DENIED** and **DISMISSED without prejudice** as an unauthorized second or successive motion. **Petitioner must first obtain authorization from the Fourth Circuit to file a successive § 2255 motion before filing such a motion with this Court.**

This Court also **RECOMMENDS** that Petitioner's Motion for Expedited Disposition [ECF No. 108] be **DENIED.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 28, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE